

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Joseph Siegle
2646 E. Venango St.
Philadelphia, PA 19134
    Plaintiff,

v.

Financial Asset Management Systems, Inc.
1967 Lakeside Parkway
Suite 402
Tucker GA 30084
    Defendants.

CASE NO.:

**07 1762**

JUDGE:

**COMPLAINT FOR DAMAGES
UNDER THE FAIR DEBT
COLLECTION PRACTICES ACT
AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections
   Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because
   this is the judicial district where all of the events giving rise to the cause of action
   took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff (Joseph) is a person who incurred a consumer debt primarily for
   personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. Joseph is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. Joseph retained Legal Helpers, P.C. to file bankruptcy.

10. Defendant contacted Joseph on or around January 23, 2007 in an attempt to collect the debt.

11. Joseph advised Defendant on this date that he was represented by an attorney and that all collection efforts should be taken through his attorney. Joseph provided the name, telephone number, website address, and record number with Legal Helpers, P.C.

12. Defendant contacted Joseph after receiving this notice.

13. During one telephone call, Defendant's employee (employee) demanded payment in a sum exceeding what was actually owed.

14. During one telephone call, employee told Joseph that his wages would be garnished and employee was serving Joseph to appear in Court.

15. During one telephone call, employee told Joseph if he did not send payment before a particular date, of which date has currently passed, it was her decision whether suit would be filed and if payment was not received on a particular date, she would proceed with taking legal action.

16. This threat of litigation and Garnishment were made numerous times.

17. During one telephone call, employee explained to Joseph that legal process could legally be served on anyone at his residence, not just on him.

18. Defendant has not sued Joseph.

19. Defendant has not Garnished Joseph's wages.

20. The laws in the State of Pennsylvania do not permit Defendant to Garnish Joseph.

21. During one telephone call employee spoke derogatorily towards Joseph's parents, claiming, *inter alia*, that Joseph's parents were not good parents because if employee was in Joseph's situation, employee's parents would help with payment.

22. During one telephone call, employee insulted Joseph for being disabled.

23. As a result of employee's behavior, Joseph refused to answer his door for a prolonged period of time due to threat of being served with legal process.

24. As a result of employee's threats, Joseph entered a deep depression and experienced increased anxiety.

25. Defendant Violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. In demanding payment in the amount that it did, Defendant violated 15 U.S.C. §1693e(2) in that it falsely represented the character and amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692c in that it continued, on multiple occasions, to contact Plaintiff notwithstanding the fact that the defendant was told by the Plaintiff they were represented by an attorney.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692e(5) in that it threatened legal action where

such action was not contemplated, and stated for the sole purpose of terrifying the

Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692 in that it insulted Plaintiff regarding his

disability.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692e in that their actions were unfair and/or

unconscionable means to collect a debt.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692e(4) by stating Plaintiff's income would be

garnished when such action could not legally be taken..

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

40. The Defendant violated 15 U.S.C. §1692 by advising Plaintiff on the legality of particular service of process.

41. Such actions are also the unauthorized practice of law.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

43. All of the above statements, actions and activities are deceptive and misleading in violation of 15 U.S.C. §1692.

44. Defendant has damaged Plaintiff mentally and emotionally and has caused a great degree of anxiety and stress.

## JURY DEMAND

45. . Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

46. Plaintiff prays for the following relief:

    a.  Judgment against defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _____

Thomas M. Nicely
Bar No. 92759
Attorney for Plaintiff
c/o Jeffrey S. Hyslip
20 West Kinzie; Suite 1300
Chicago, IL 60610
Telephone: 1.866.339.1156
jsh@legalhelpers.com